**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**TYRONE SPARKMAN** **PLAINTIFF**

**v.** **No. 3:24CV344-JMV**

**TRANSPORT OFFICER SGT. WALLACE** **DEFENDANTS**

**ORDER *DENYING* PLAINTIFF'S MOTION [22]**
**FOR RELIEF FROM JUDGMENT OR ORDER**

This matter comes before the court on the plaintiff's motion [22] for reconsideration of the court's final judgment dismissing the instant case for failure to state a claim upon which relief could be granted. The court interprets the motion, using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b). An order granting relief under Rule 60 must be based upon: (1) clerical mistakes, (2) mistake, inadvertence, surprise, or excusable neglect, (3) newly discovered evidence, (4) fraud or other misconduct of an adverse party, (5) a void judgment, or (6) any other reason justifying relief from the operation of the order. *Id.* The plaintiff has shown none of these reasons to support his request for relief; hence, the instant motion [22] will be denied.

**Show Cause Order**

The court previously issued an order [17] requiring the plaintiff to show cause why the instant case should not be dismissed because it appeared that the allegations in his complaint failed to state a claim upon which relief could be granted. The plaintiff alleged that the sole defendant, Transport Officer Sgt. Wallace, was the transport vehicle's driver during a motor vehicle accident in which the plaintiff was injured. The plaintiff also alleged that he was denied medical treatment after the accident. The court noted that allegations regarding injuries sustained in a motor vehicle accident sound only in negligence, which does not state a valid

claim under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986). In addition, the court noted that the plaintiff had alleged no facts to show that the sole defendant in this case, Sgt. Wallace, was involved in the plaintiff's medical treatment. As such, it appeared that the allegations did not state a valid claim for relief against defendant Wallace for denial of medical care.

**Plaintiff's Response to the Show Cause Order**

In this response to the show cause order, the plaintiff added as defendants Mississippi Department of Corrections Commissioner Burl Cain and Mississippi Governor Tate Reeves – because they "had the authority and responsibility to see to it [that] the plaintiff receive all of the medical attention and assistance" he required. Doc. 19 at 1. He did not, however, address the issues the court raised in the show cause order. *Id*. In discussing the plaintiff's response, the court reasoned:

> The plaintiff's response did not address the issue the court identified – that the motor vehicle accident allegations fail to state a valid § 1983 claim because they sound in negligence only. In addition, the plaintiff's allegations against proposed defendants Cain and Reeves arise solely out of their positions as supervisors – which is also insufficient to sustain a claim under § 1983. *See Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Indeed, a federal court cannot hold a supervisor liable for failure to supervise his subordinates – even when he is present on the scene – because "a government official can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

Doc. 20. The court thus held that the plaintiff had not shown cause regarding his original allegations – and that his new allegations regarding the additional defendants likewise failed to state a valid § 1983 claim. As a result, the court dismissed [20] this case for failure to state a valid claim under 42 U.S.C. § 1983.

**The Plaintiff's Arguments in the Instant Motion [22] for Relief from Judgment**

In the instant motion [22] for relief from judgment, the plaintiff argues that the court should reinstate this case because of his lack of education and his status as a *pro se* litigant. He also alleges that in preparing his response to the show cause order he had virtually no access to a

law library, thus hindering his ability to respond to the order. Doc. 22, p. 2. He states that he has since had the opportunity to "look up what the court was actually identifying and tasked [him] with." *Id*., p. 3. He states, with no supporting argument, that the court should find that his allegations "state a claim that relief may be granted, and interpret [his] claims as an 8th Amendment violation of constitutional standards." Doc. 22, p. 5. However, despite Sparkman's opportunity to research and reflect on the issues for over eight months, he has not addressed the court's reasoning and rulings in the order [20] dismissing this case.

In the show cause order [17] the court explained in plain language its reasons for potentially dismissing the case – and invited the plaintiff to provide additional facts to support his original allegations so the case could go forward. He did not do so. Ultimately, in the instant motion [22], the plaintiff did not address the issues the court highlighted in its show cause order[17]; nor did he address the court's dismissal of the additional allegations he set forth in his response [19] to the show cause order. He has thus offered no reason for the court to alter its judgment in this case.

**Conclusion**

For these reasons, the court holds that the plaintiff has neither asserted nor proven any of the specific justifications for relief from an order permitted under Rule 60. In addition, the plaintiff has not presented "any other reason justifying relief from the operation" of the judgment. Fed. R. Civ. P. 60(b). As such, the plaintiff's request for reconsideration under Fed. R. Civ. P. 60(b) is **DENIED.**

**SO ORDERED**, this, the 10th day of September, 2026.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE